Per Curiam.

Defendant’s obligation to pay for damages which the insured might become ‘1 legally obligated to pay ’ ’ was expressly made inapplicable to damages which the insured was obligated to pay by reason of a contractual assumption of liability (Exclusion [d]). This exclusion clause applies to the hazards defined in “ Division i ” of the “ Definition of Hazards ” which is the only division applicable to the instant case (by reason of the words “ and all operations ”).
Plaintiff failed to establish that he was legally obligated, apart from his contractual assumption of liability, to pay for the damage to the 189 windows. The record is silent as to the cause ■ of the damage. The evidence is consistent with the possibility that but for the contractual assumption of liability, plaintiff would not have been legally liable for the damage. The windows may have been broken by persons over whom plaintiff *965 had no control and for whose actions plaintiff was not legally responsible.
It was incumbent upon plaintiff to establish that he was legally liable for the damage to the windows. He failed to show any such liability, other than a contractual liability which is excluded from the policy’s coverage.
The judgment should be reversed, and new trial ordered, with $30 costs and disbursements to appellant, to abide the event.
Concur— Cold, J. P., Hofstadter and Capozzoli, JJ.
Judgment reversed, etc.